# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

July 10, 2008

Laurie Maxis
Fein, Such, Kahn & Shepard, P.C.
7 Century Drive, Suite 201
Parsippany, New Jersey  07054

Curly L. Smith
Patricia Smith
25 Laurel Avenue
Irvington, New Jersey  07111

## LETTER ORDER
## REPORT & RECOMMENDATION

    Re:    **JP Morgan Chase Bank, National Association v. Smith et al.**
             **Civil Action No. 08-1457 (SDW)**

Dear Counsel:

Before the Court is the motion for remand (Docket Entry No. 3) of Plaintiff JP Morgan Chase Bank, National Association ("JP Morgan"). This Court has read the briefs that the parties have submitted. No oral argument was heard, pursuant to Fed. R. Civ. P. 78(b). For the reasons that follow, this Court recommends that the motion for remand be **GRANTED**.

In brief, the history of this case is as follows. On October 23, 2007, Plaintiff filed a Complaint seeking foreclosure in the Superior Court of New Jersey, Essex County: Chancery Division, against Defendants Curly L. Smith and Patricia Smith ("Defendants"). Defendants were served with the Summons and Complaint on November 7, 2007. Defendants filed an Answer. On March 7, 2008, the state court entered an order granting Plaintiff's motion for summary judgment, striking Defendants' Answer, and entering default against Defendants. On March 20, 2008, Defendants filed a Notice of Removal, removing the pending state court action to this Court, pursuant to 28 U.S.C. § 1446.

On May 14, 2008, Plaintiff filed the instant motion to remand the case back to the Superior Court

of New Jersey. Plaintiff argues for remand on two grounds: 1) the Notice of Removal was filed out of time; and 2) the removal is an improper collateral appeal following the judgment against Defendants in state court. Defendants respond that Plaintiff's motion to remand has itself been filed out of time, and asks this Court to vacate the state court judgment against them.

This Court agrees that the removal was improper, as Defendants had waived the right of removal. It is well-established that, if a defendant participates in the "state court proceedings when the defendant is not compelled to take the action, such as seeking some form of affirmative relief," he has waived the right to removal. JAMES WM. MOORE ET AL., MOORE'S MANUAL – FEDERAL PRACTICE AND PROCEDURE § 8.07 (2008). See also Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1218 (3d Cir. 1991); CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3721 (3d ed. 2008) ("A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court"); Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986). The exhibits filed with this Court with the Notice of Removal include a "Petition in the nature of a motion to reconsider order granting plaintiff's request for summary judgment," captioned with the docket number of the state court action and dated March 14, 2008. This petition asks the state court to reconsider and vacate its order of summary judgment, and is accompanied by a notarized statement that it was mailed to the Superior Court of New Jersey on that same date. Thus, on March 14, Defendants sought affirmative relief from the state court and waived their right to remove the action to federal court. The removal to federal court on March 20 was improper.

The policy grounds for the bar on such improper removal are many. One district court explained them succinctly:

> [T]his court concludes that a defendant must not be allowed to test the waters in state court and, finding the temperature not to its liking, beat a swift retreat to federal court. Such behavior falls within the very definition of forum-shopping and is antithetical to federal-state court comity.

Estate of Krasnow v. Texaco, Inc., 773 F. Supp. 806, 809 (E.D. Va. 1991). Defendants appear to be engaging in forum-shopping, and maintenance of federal-state court comity weighs against permitting this to succeed.

In recommending remand based on waiver of the right to remove, this Court is not bound by the time limits set forth in 28 U.S.C. § 1447(c). Foster, 933 F.2d at 1215. In Foster, the Third Circuit considered a motion for remand based on waiver and held that waiver was a ground for remand as to which § 1447(c) was silent and, therefore, that section's thirty day limit did not apply. Id. Pursuant to Foster, the Court may remand on the ground of waiver of the right to remove without consideration of the thirty-day time limit.

In sum, having considered the parties' submissions, having good cause, and for the reasons expressed above, this Court respectfully recommends that Plaintiff's motion to remand (Docket Entry No. 3) be **GRANTED**, and that this case be remanded to the Superior Court of New Jersey, Essex County: Chancery Division.  The Court notes that remand would moot the pending motion to dismiss (Docket Entry No. 7).

    **s/Madeline Cox Arleo**
    **MADELINE COX ARLEO**
    **United States Magistrate Judge**

cc: Clerk
    Hon. Susan D. Wigenton, U.S.D.J.
    All Parties
    File